Timothy M. **LAIRBY**, Plaintiff and Appellant,

v.

M. Eldon **BARNES**, Warden, Utah State Prison, R. Paul Van Dam, Utah Attorney General, Defendants and Appellees.

No. 890453.

Supreme Court of Utah.

June 5, 1990.

Timothy M. Lairby, pro se.

R. Paul Van Dam, Dan R. Larsen, Salt Lake City, for defendants and appellees.

DURHAM, Justice:

Timothy Lairby appeals from a dismissal of his petition for postconviction relief. We affirm.

Lairby was convicted of rape, forcible sexual abuse, and forcible sodomy after a jury trial in 1982 in the third judicial district. On direct appeal, this court affirmed Lairby's conviction on December 31, 1984. *State v. Lairby*, 699 P.2d 1187 (Utah 1984). Lairby filed a petition for postconviction relief on or about September 15, 1989. Utah R.Civ.P. 65B(i). After a hearing, the petition was dismissed by the trial court on the basis that all issues raised in the petition either were or could have been raised on direct appeal.

Lairby alleges several grounds for postconviction relief. He claims that his conviction was illegally obtained by (1) a denial of his right to effective assistance of counsel; (2) a denial of his right to confront witnesses; (3) a denial of his right to secure attendance of defense witnesses; (4) a denial of his right to present character testimony and to instruct the jury on character testimony; (5) a denial of his right to be apprised of the nature of the charges against him; (6) introduction of improper opinion testimony; (7) introduction of improper impeachment evidence; (8) a denial of his right to obtain a psychiatric examination of the victim; (9) the trial court's lack of jurisdiction; (10) an improper joinder of offenses and defendants; (11) suppression of mitigating evidence; (12) knowing use of perjured testimony; (13) insufficient evidence; and (14) failure of the judicial process.

■ In *Hurst v. Cook*, 777 P.2d 1029 (Utah 1989), this court outlined the standard of review for claims previously adjudicated:

A ground for relief from a conviction or sentence that has once been fully and fairly adjudicated on appeal or in a prior habeas proceeding should not be readjudicated unless it can be shown that there are "unusual circumstances." For example, a prior adjudication is not a bar to reexamination of a conviction if there has been a retroactive change in the law, a subsequent discovery of suppressed evidence, or newly discovered evidence.

*Id.* at 1036 (citations omitted). After reviewing this court's 1984 opinion and the briefs of the parties filed in that appeal, we hold that all of Lairby's claims in this appeal, except one, were fully and fairly adjudicated by this court and that Lairby has shown no unusual circumstances warranting readjudication.

■ The only issue Lairby raises in this appeal that was not addressed in this court's 1984 opinion is an allegation that his conviction was "a travesty, an outrage, [and] a stinking heap of legal garbage." At best, this argument amounts to a claim of cumulative error. In order to establish cumulative error, a defendant must show a cumulative effect of individual errors which prejudiced his or her right to a fair trial. *State v. Johnson*, 784 P.2d 1135, 1146 (Utah 1989). Because Lairby has established no individual errors, he is not entitled to a reversal based on cumulative error.

We affirm the trial court's dismissal of Lairby's petition for postconviction relief.

HALL, C.J., HOWE, Associate C.J., and STEWART and ZIMMERMAN, JJ., concur.